Stratman et al., Appellants, *v.* Atkinson; Auto Club Ins. Co., Appellee.

[Cite as Stratman v. Atkinson (1974), 40 Ohio App. 2d 337.]

(No. C-73474—Decided April 15, 1974.)

*Droder Co., L. P. A.*, and *Mr. Albert T. Brown, Jr.*, of counsel, for appellants.

*Messrs. Boelter, Fisher & Sullivan*, for defendant-intervenor, Automobile Club Ins. Co.

*Per Curiam.* This cause came on to be heard upon the appeal, the transcript of the docket and journal entries, the original papers and pleadings from the Court of Common Pleas of Hamilton County, the transcript of the proceedings, the assignments of error, and the briefs and arguments of counsel.

On December 21, 1967, James William Atkinson, hereinafter called "Son," was driving a car owned and insured

by James Wilbern Atkinson, hereinafter called "Father," when it collided with and demolished a car owned and driven by William A. Stratman, who suffered personal injuries as well. The accident occurred when Son was home on leave from military service.

After the Automobile Club Insurance Company, Father's insurer, denied coverage, Associated Indemnity Co., Stratman's insurer, paid him for his personal injuries under the uninsured motorist coverage clause in his policy and for his property damages under the collision coverage clause therein.

A suit by Stratman and Associated was commenced against Son, and the Automobile Club Insurance Company filed an intervening complaint seeking a declaratory judgment setting forth its obligations upon the contract of insurance with Father.

Plaintiffs' answer to the intervening complaint averred that the Automobile Club Insurance Company represented to Father when he purchased the policy that it would include coverage for Son at such time as he returned from military duty or was on leave and had permission from Father to use the car. Plaintiffs claimed that Father had notified the company of Son's use of the vehicle with permission prior to the collision.

The basis of the Automobile Club Insurance Company's denial of coverage was the restriction placed thereupon by an endorsement, signed by the insured, limiting the insurance protection to Father and persons specified as usual drivers on the declaration or by endorsement, a category which did not include Son.

Trial to a jury commenced on July 25, 1973, and when plaintiffs rested their case the court granted the motion of the defendant-intervenor for a judgment in its favor. Thereafter, the court proceeded to hear the case on the original complaint and entered judgment against Son as prayed for. This appeal is from the order dismissing plaintiffs' case against Automobile Club Insurance Company and entering a judgment in its favor.

The first assignment of error is that the court erred

in ruling at the very outset of the trial "that [a] reformation of [the] contract and/or the existence of an independent oral contract of insurance had not been raised in the pleadings and were not at issue in the case prior to *voir dire*."

The second assignment is that the court erred in denying leave to file an amended complaint, including allegations of reformation.

Late in the afternoon (4:30 p. m.) of the day before trial commenced, counsel for plaintiffs presented, on their own volition, a "trial brief" which raised issues not then broached by the pleadings. The original petition in the case had been filed November 25, 1969.

Faced with objections from the defendant-intervenor, the court approached the matter with the guidance of Civil Rule 15(B). The court determined that the plaintiffs were seeking a reformation of the insurance contract by eliminating the endorsement restricting coverage, and viewed this as raising an affirmative defense not pleaded theretofore. The court also determined that plaintiffs were attempting to depart from their pleadings by raising for the first time the issue of an "oral contract," in addition to the policy affording coverage to Son.

Pursuant to Civil Rule 15, an amendment of pleadings lies within the sound discretion of the court. Coming as it did here almost three and one-half years after the petition was filed, the effort of plaintiffs to amend on the eve of trial would have to be considered by any court with considerable reservation. Additionally, in this case the court had, in considering a motion for summary judgment, considered the issues raised by the endorsement almost a year before trial.

Before this court could find merit in the first and second assignments of error, it would be essential to find that the court below acted arbitrarily or unreasonably. There is nothing in the record before us upon which such a finding could be based. It is clear to us that the court did not abuse its discretion in finding that new and unpleaded issues were sought to be raised and in refusing to grant leave to amend

the pleadings. Therefore, the first and second assignments of error are not well taken.

The third and fourth assignments of error are presented, according to appellants, to establish a ruling on "the law of the case" should this court determine "that a remand for retrial is necessary."

The third assignment refers to an alleged error in excluding evidence relating to discussions and conduct of the parties when the policy was bought, and the fourth to the admission of testimony of customary procedures within the office of the Automobile Club Insurance Company.

Basically, the "parol evidence rule" excludes evidence of prior or contemporaneous oral agreements which would vary a written contract. See 21 Ohio Jurisprudence 2d 648, Evidence, Sections 627 *et seq.*

In the body of its opinion in *Charles A. Burton, Inc.,* v. *Durkee et al.,* 158 Ohio St. 313, at page 324, the Supreme Court quoted 3 Williston on Contracts (Rev. Ed.), 1813, Section 631, as follows:

"That rule [the parole evidence rule], in spite of its name, is not only not a rule of evidence, as has been abundantly shown by Thayer and Wigmore, but is not a rule of interpretation or of construction. It is a rule of substantive law which, when applicable, defines the limits of a contract. It fixes the subject matter for interpretation, though not itself a rule of interpretation. * * *

"Most commonly the rule is invoked when suit is brought upon the written contract in order to preclude an attack upon the terms of the writing as the complete statement of the contract * * *."

The second paragraph of the syllabus in *Burton, supra,* reads:

"Where parties, following negotiations, make mutual promises which thereafter are integrated into an unambiguous written contract, duly signed by them, the parol evidence rule excludes from consideration evidence as to other oral promises resulting from such negotiations."

On occasion, parol evidence is admitted in equitable actions having for their specific purpose a reformation of

the contract on the ground of mistake. See 21 Ohio Jurisprudence 2d, Evidence, Section 636. For another application of the rule, see the unreported case of *Matusoff* v. *Hyde Park Savings and Loan Co.*, Court of Appeals for Hamilton County, case No. C-73350, decided February 4, 1974. Also, see the unreported case of *Florence* v. *Tri-State Savings and Loan Co.*, Court of Appeals for Hamilton County, No. C-73455, decided April 8, 1974.

The court below found that Father knew Son was not covered when the policy was issued, that Father signed the endorsement which excluded coverage, and knew what was necessary to be done by Father before Son would be covered. Accordingly, the court said, the contract of insurance "is clear, not ambiguous, integrated, complete and must stand," and that the parol evidence rule excludes evidence as to other promises sought to be adduced by plaintiffs.

The whole record supports those conclusions. The court did not err in its application of the rule, and there was no evidence of mistake which might have provided an exception thereto. The third assignment of error, then, is without merit.

Similarly, we find nothing in the record to indicate an abuse of discretion or error of law in permitting the intervenor's witnesses to testify when the questions and answers, appearing both in direct and cross-examination, are taken in context and in relation to the entire record. Simply put, it is beyond argument, from this record, that Father knew Son was not covered, that Son would not be covered unless more was done when Father desired such coverage, that Father knew what had to be done, that Father did not do those things, and that Son operated the car without permission. The fourth assignment is not well taken.

The fifth assignment of error is that the court erred in overruling plaintiffs' motion for directed verdict on the intervening complaint, and the sixth is that it erred in granting intervenor's motion for judgment at the close of all the evidence.

For reasons already given, the court did not err. Plain-

tiffs neither pleaded nor made out a case for reformation of the contract, which was itself plain and unambiguous. There was no mistake, mutual or unilateral, upon any possible interpretation of the evidence, nor any basis for estoppel of Automobile Club Insurance Company to rely on the endorsement. The ultimate conclusion reached with respect to the intervenor's complaint that Son was not an insured by reason of the contract and endorsement, had no coverage at the time of the accident, and that judgment accordingly should be rendered in favor of intervenor is eminently fair and correct, being in harmony with law and the overwhelming weight of all the evidence.

Consequently, the fifth and sixth assignments of error are not well taken.

All in all, in a case which has taken far too long to be resolved, substantial justice has finally been done.

The judgment of the Court of Common Pleas of Hamilton County is affirmed.

*Judgment affirmed.*

Hess, P. J., Shannon and Palmer, JJ., concur.