**BARBECK et al., Appellees,**

v.

**TWINSBURG TOWNSHIP et al., Appellants.**

[Cite as *Barbeck v. Twinsburg Twp.* (1990), 69 Ohio App.3d 837.]

Court of Appeals of Ohio,
Summit County.

Nos. 14538, 14561.

Decided Oct. 17, 1990.

*William Carlin*, for appellees.

*Alfred Schrader*, for appellant Twinsburg Township.

*Lynn Slaby*, Prosecuting Attorney, and *Evan Palik*, for appellant Summit County.

*Russell Pry*, for appellant Liberty Glenwood, Inc.

BAIRD, Judge.

The issue presented in this case is whether R.C. 519.24 creates a cause of action to challenge the validity of a township zoning resolution. We find that it does not, and we reverse and remand for further proceedings.

This case arises out of the rezoning of certain property in Twinsburg Township. Throughout lengthy debate over this rezoning, the appellees, who are neighboring landowners (the "landowners"), opposed it. The landowners asserted that any construction on this property would harm their property interests.

On March 6, 1990, the Twinsburg Township Trustees ("the trustees") amended the Twinsburg Township Zoning Resolution creating an R–5 zoning district. The trustees also voted to rezone the property in question to R–5. Property zoned R–5 may be used for constructing apartments.

The landowners brought this action against the township, its trustees, and its zoning inspector (collectively referred to as the "township").

The landowners brought this action pursuant to R.C. 519.24, alleging violations of R.C. 519.05 through 519.08 and 519.12. Specifically, the landowners alleged that the township violated (1) R.C. 519.06, by failing to hold at least one public hearing after giving thirty days' notice of the hearing in a newspaper of general circulation in Twinsburg Township, and by failing to provide a time and place for the public to view the text and maps of the proposed resolution; (2) R.C. 519.05, by failing to submit a plan, text, maps, and report representing the recommendations of the zoning commission to the trustees; (3) R.C. 519.08, by failing to give at least thirty days' notice in a

newspaper of general circulation in Twinsburg Township of the time and place of the public hearing on the resolution; (4) R.C. 519.07, by failing to submit the proposed resolution to the Summit County Planning Commission for its input following the R.C. 519.06 hearing; and (5) R.C. 519.12, by failing to provide written notice by first class mail at least ten days prior to the hearings to certain of the landowners.

Liberty Glenwood, Inc. ("Liberty") owned the property in question and intervened as a party defendant.

On February 28, 1990, the landowners moved for leave to file an amended complaint, and on that same day, filed an amended complaint. The amended complaint alleged further violations of R.C. 519.12 as well as violations of R.C. 121.22, Ohio's Sunshine Law. The landowners alleged that the Twinsburg Township Zoning Commission adjourned into illegal closed executive sessions on two occasions.

On March 20, 1990, the trial court ruled on summary judgment motions filed by all of the parties. Although the trial court ruled on summary judgment without granting leave to file the amended complaint, the trial court decided that the township violated R.C. Chapter 519 and the Sunshine Law. The township and Liberty appeal.

This court first will consider the assignments of error concerning the propriety of this action being brought pursuant to R.C. 519.24.

In its third assignment of error, Liberty contends:

"The trial court erred as a matter of law in finding that R.C. 519.24 created a cause of action to challenge the validity of a township zoning resolution."

In its third assignment of error, the township contends:

"The trial court erred in finding the plaintiffs-appellees had standing to challenge the amendment to the Twinsburg Township's zoning resolution."

Both appellants are asking this court to decide that R.C. 519.24 does not create a cause of action for challenging the validity of a township zoning resolution.

R.C. 519.24 states:

"In case any building is or is proposed to be located, erected, constructed, reconstructed, enlarged, changed, maintained, or used or any land is or is proposed to be used in violation of sections 519.01 to 519.99, inclusive, of the Revised Code, or of any regulation or provision adopted by any board of township trustees under such sections, such board, the prosecuting attorney of the county, the township zoning inspector, or any adjacent or neighboring property owner who would be especially damaged by such violation, in

addition to other remedies provided by law, may institute injunction, mandamus, abatement, or any other appropriate action or proceeding to prevent, enjoin, abate, or remove such unlawful location, erection, construction, reconstruction, enlargement, change, maintenance, or use. The board of township trustees may employ special counsel to represent it in any proceeding or to prosecute any actions brought under this section."

The intention of this statute clearly is to create a cause of action against people who use or propose to use their property in violation of R.C. 519.01 through 519.99, or in violation of a township zoning resolution.

The township is not using, nor is it proposing to use, the property in question. The township merely created a new zoning district, and then voted to rezone the disputed property to be within that new district.

Since the disputed property was rezoned pursuant to a township resolution, Liberty is not using or proposing to use the property in violation of a township resolution, or in violation of R.C. 519.01 through 519.99.

R.C. 519.24 does not create a cause of action to challenge the validity of a township zoning resolution.

These two assignments of error are sustained.

■ We now will consider the assignments of error concerning the trial court's failure to rule on the landowners' motion for leave to file an amended complaint.

In its fifth assignment of error, Liberty contends:

"The trial court erred in failing to rule on plaintiff's [*sic*] motion for leave to file an amended complaint and on intervenor's motion to strike."

In its fourth assignment of error, the township contends:

"The trial court erred in deciding issues of alleged violations of O.R.C. Section 519.12 and O.R.C. Section 121.22 which were never raised in the plaintiffs' complaint and never implicitly tried by the parties, thus denying appellee due process of law in violation of the United States and Ohio Constitutions."

Civ.R. 15(A) provides in part:

"Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party."

On February 28, 1990, the landowners moved for leave to file an amended complaint pursuant to Civ.R. 15(B). At the same time, the landowners filed their amended complaint. The trial court never granted leave, nor did Liberty and the township consent in writing to the filing of the amended complaint. As such, the trial court could not consider the amended complaint in rendering its judgment.

These assignments of error are sustained. In light of our sustaining the foregoing assignments of error, the remaining assignments of error are premature, and they are overruled.

The judgment is reversed and the cause is remanded to the trial court, so that the trial court may determine whether to grant leave to file the amended complaint.

*Judgment reversed*
*and cause remanded.*

REECE, P.J., and QUILLIN, J., concur.