BARBECK et al., Appellees,

v.

TWINSBURG TOWNSHIP et al., Appellants.

[Cite as *Barbeck v. Twinsburg Twp.* (1992), 73 Ohio App.3d 587.]

Court of Appeals of Ohio,
Summit County.

Nos. 15243, 15262.

Decided March 4, 1992.

588

*William A. Carlin,* for appellees.

*Manes, Musitano, Schrader & Assaf* and *Alfred E. Schrader,* for appellant Twinsburg Township.

*Lynn Slaby,* Prosecuting Attorney, and *John Prelac,* for appellant Summit County.

*Russel Pry,* for intervenor-appellant Liberty Glenwood, Inc.

REECE, Judge.

This appeal questions whether the Summit County Court of Common Pleas properly applied Ohio's "Sunshine" Act. R.C. 121.22.

### Facts

The relevant background facts are not in dispute. These proceedings began on July 21, 1989 when plaintiffs-appellees, Gary Barbeck et al. ("plaintiffs"), filed a complaint against Twinsburg Township, three township trustees, and the township building inspector (collectively "township"). The plaintiffs were all neighboring landowners of a ninety-acre tract of land which had been rezoned by the township on March 6, 1989 to accommodate apartment housing. This action was taken upon the recommendation of the township zoning commission. The plaintiffs maintained that the township's resolution violated the procedural requirements of R.C. Chapter 519. On November 13, 1989 intervenor-appellant, Liberty Glenwood, Inc., was permitted to intervene in the action. Liberty Glenwood was the owner of the parcel in question.

On February 28, 1990, plaintiffs sought to amend their complaint to include a violation of Ohio's Sunshine Act, R.C. 121.22, by the zoning commission. Motions for summary judgment were then filed by all parties. In an order dated March 20, 1990, the trial court found that the township had contravened

both R.C. Chapter 519 and R.C. 121.22. The township's resolution, as a result, was held to be "invalid."

Appeals were perfected by both Liberty Glenwood and the township. This court reversed on the grounds that: (1) the plaintiffs had no right to challenge the validity of the resolution pursuant to R.C. 519.24, and (2) a ruling upon R.C. 121.22 was premature since leave was not first granted to file the amended complaint. *Barbeck v. Twinsburg Twp.* (1990), 69 Ohio App.3d 837, 591 N.E.2d 1318 (*Barbeck I*).

Upon remand, the trial court formally accepted the amended complaint on January 11, 1991. An evidentiary hearing was then conducted in July 1991. Again, the court found that the township's resolution resulted from a zoning commission recommendation produced in violation of R.C. 121.22 and declared it "invalid." All three parties have appealed this ruling. The original order of the various assignments and cross-assignments of error have been rearranged for purposes of discussion.

■ Liberty Glenwood's Assignment of Error No. II provides:

"The court of common pleas erred in failing to rule that the amended complaint was not timely filed and was beyond the applicable statute of limitations."

The plaintiffs' complaint was submitted about four months after the township's resolution was passed. Leave to file an amended complaint was requested approximately seven months later. Liberty Glenwood demanded that these pleadings be stricken on the grounds that R.C. 121.22 was not timely invoked. The trial court declined to do so.

R.C. 121.22 does not contain an express statute of limitations.[1] We decline Liberty Glenwood's invitation to extrapolate the thirty-day deadlines found in R.C. 519.12(H) and 2505.07—neither of which has any bearing in this case. No other suggestion is made as to why the plaintiffs' complaint is untimely.

This assignment of error is overruled.

■ Plaintiffs' Cross–Assignment of Error No. I provides:

"The trial court erred to the prejudice of Plaintiffs by failing to grant Plaintiffs [*sic*] motion to amend the pleadings to conform with the evidence

---

1. Effective April 13, 1990, R.C. 519.122 establishes a two-year limit to procedural challenges to the validity of zoning resolutions. Accord R.C. 303.122 and 713.121. Under this standard, the plaintiffs' complaint would be timely. They do not suggest that the new statute is controlling in this instance, however, arguing instead that the "section shows the General Assembly's intent to permit aggrieved parties a relatively long period of time in which to challenge the validity of zoning ordinances."

and the Ninth District Court of Appeals' decision and judgment entry dated October 17, 1990."

Once this court had determined that R.C. 519.24 could not be employed against the township, *Barbeck I, supra,* at 840, 591 N.E.2d at 1320, the plaintiffs attempted to amend their complaint a second time on January 28, 1991 to assert such a cause of action against the intervenor, Liberty Glenwood, instead. The trial judge refused this request.

Once a responsive pleading has been served, a party may amend a complaint only by leave of court or consent of those adversely affected. Civ.R. 15(A). While such an application should be freely granted when justice requires, the final decision is largely left to the trial court's sound discretion. *State ex rel. Wargo v. Price* (1978), 56 Ohio St.2d 65, 10 O.O.3d 116, 381 N.E.2d 943. The moving party has no grounds to complain on appeal absent "a *prima facie* showing of support for new matters sought to be pleaded." *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 573 N.E.2d 622, syllabus.

In the case *sub judice,* it is readily apparent that the new claim against Liberty Glenwood could have been filed immediately, once intervention was allowed. Instead, the plaintiffs neglected to do so until after discovery was conducted, a judgment was rendered, an appeal was taken, and a reversal was issued. At this late stage, leave to amend the pleadings could certainly be found to be unwarranted. See *Stratman v. Atkinson* (1974), 40 Ohio App.2d 337, 339, 69 O.O.2d 306, 307, 319 N.E.2d 372, 374.

Plaintiffs further insist that their amendments were offered only to "conform to the evidence" pursuant to Civ.R. 15(B). This rule allows a court, in its discretion, to modify the pleadings to fit the evidence produced at trial. See *Spisak v. McDole* (1984), 15 Ohio St.3d 62, 15 OBR 157, 472 N.E.2d 347. The plaintiffs' second motion to amend, in contrast, was not based upon any new set of facts or circumstance. The request was made, and denied, several months *prior* to the evidentiary hearing. The trial court was not obliged under Civ.R. 15(B) to permit the second amendment.

This cross-assignment of error is not well taken.

Plaintiffs' Cross–Assignment of Error No. II provides:

"The trial court erred by admitting secondary evidence offered solely for the purpose of destroying the evidentiary affect [*sic*] of the approved minutes of the Twinsburg Township Zoning Commission meetings."

Ohio's Sunshine Act declares that all meetings of any "public body" must be open to the public. R.C. 121.22(C). Under certain specified circumstances, "executive sessions" may be held in private. R.C. 121.22(G). The plaintiffs'

charged in their first amended complaint that the township violated these requirements when enacting the zoning resolution. Citing some isolated language contained in the minutes of two zoning commission hearings, the plaintiffs argued that those meetings were illegally closed to the general public. In response, the township submitted evidence that these sessions were, in fact, open to all. The plaintiffs' maintained at trial, and now on appeal, that such "collateral" testimony is inadmissible to "contradict" the official minutes.

Given its superior vantage, the trial court enjoys broad discretion in the admission and exclusion of evidence and will not be reversed absent a clear abuse which had materially prejudiced an objecting party. *State v. Hymore* (1967), 9 Ohio St.2d 122, 128, 38 O.O.2d 298, 302, 224 N.E.2d 126, 130, certiorari denied (1968), 390 U.S. 1024, 88 S.Ct. 1409, 20 L.Ed.2d 281; *Humphrey v. State* (1984), 14 Ohio App.3d 15, 18, 14 OBR 18, 21, 469 N.E.2d 981, 985. An abuse of discretion connotes more than an error of law or judgment as it implies the court's attitude was unreasonable, arbitrary, or unconscionable. *Steiner v. Custer* (1940), 137 Ohio St. 448, 451, 19 O.O. 148, 149, 31 N.E.2d 855, 856; *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172, 404 N.E.2d 144, 148.

The plaintiffs' reasoning is flawed on several fronts. The brief minutes of the two zoning commission meetings in question do not squarely state that the public was barred from attending. In respect to the October 11, 1988 session, the plaintiffs point to the following passage:

" * * * The meeting began at 7:00 pm and adjourned at 8:10. However, it was reopened at 8:15 and adjourned at 9:00."

In a highly questionable leap of logic, the plaintiffs conclude from this innocuous excerpt that a closed door meeting on the zoning issue *must* have been held from 8:10 to 8:15. Obviously, a wide variety of more plausible alternatives also exist.

■ Turning to the minutes of the November 16, 1988 meeting, the discussion of the requested zoning changes is described in some detail. Local residents as well as the proposal's proponents spoke on the topic. The plaintiffs highlight the passage which follows:

"The Public Meeting was closed at 7:40 and an executive session began."

Nowhere in these minutes is there a suggestion that the zoning commission secretary intended the phrase "executive session" to have the same meaning as employed by R.C. 121.22(G). Moreover, the subject matter of this "executive session" is not specified.

Given the ambiguity present, the trial court was justified in accepting testimony from witnesses who might be able to clarify what had actually taken place. This evidence was offered to explain, not contradict, the official minutes. Plaintiffs should be mindful that a trial is, above all else, a search for truth and not simply "a contest between lawyers". *Nationwide Mut. Ins. Co. v. Riggle* (1962), 173 Ohio St. 288, 290, 19 O.O.2d 157, 158, 181 N.E.2d 696, 697.

■ As far as this court is aware, there is no bar against evidence presented to explain ambiguous committee minutes even if such documents are required to be recorded and open to public inspection by R.C. 121.22(C). The plaintiffs insist that *Billington v. Cotner* (1971), 25 Ohio St.2d 140, 54 O.O.2d 270, 267 N.E.2d 410, establishes such a rule. However, that case concerned a municipal *ordinance* duly authenticated and journalized in accordance with the city charter. The court held that key terms missing from such formal *legislative enactments* could not be judicially supplied through resort to parol evidence. *Id.*, paragraphs three and four of the syllabus. The mere minutes of a township zoning commission prepared by a secretary, in contrast, are not so rigid and may be subject to interpretation when called into question. The trial judge did not abuse his discretion in this regard.

This cross-assignment of error lacks merit.

■ Plaintiffs' Cross–Assignment of Error No. III provides:

"The trial court erred in finding that the Twinsburg Township Zoning Commission did not hold executive sessions or closed meetings in violation of Ohio Revised Code, Section 121.22."

A civil judgment supported by at least some competent, credible testimony upon all essential elements will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. The trial judge is in a far superior position to evaluate evidence and assess credibility. See *Ostendorf–Morris Co. v. Slyman* (1982), 6 Ohio App.3d 46, 47, 6 OBR 156, 157, 452 N.E.2d 1343, 1345; *Crull v. Maple Park Body Shop* (1987), 36 Ohio App.3d 153, 154, 521 N.E.2d 1099, 1100.

After conducting the evidentiary hearing, the judge concluded "that no zoning resolution or subsequent action of Twinsburg Township was founded upon any deliberations made in private nor not open to the public as required by the Ohio Revised Code." This determination is fully supported by the record. The chairman of the zoning commission, George M. Peterson, and a commission member, Russ Wood, both testified that zoning commission meetings were always open to those interested. Commission member Ann Duffner and secretary Sandy Jaye, as well as Wood, all explained that the general public had never been asked to leave such sessions.

In regard to the October 11, 1988 hearing, Jaye and Wood both recalled that the room was crowded with spectators. The five-minute break which has caused the plaintiffs great concern was nothing more than a recess according to Wood, Jaye, and commission member Carl Nenadal. Moreover, Wood clarified that the so-called "executive session" of November 16, 1988 was, in fact, attended by members of the public including at least one of the plaintiffs. Peterson and Jaye explained the term "executive session" was employed in the minutes to loosely describe those times when the public could, and did, observe commission activities but were not allowed to actively participate. Consequently, the trial court's factual finding that no closed meetings were held in violation of R.C. 121.22 is supported by at least some competent, credible testimony.

This cross-assignment of error is overruled.

■ Twinsburg Township's Assignments of Error Nos. I and II provide:

"I. The trial court's finding that the Twinsburg Township Zoning Commission failed to establish by rule a reasonable method of notice of its meetings was against the manifest weight of the evidence.

"II. The trial court erred in invalidating the Township zoning resolution when there was no finding that the resolution resulted from deliberations in a closed meeting."

Liberty Glenwood's Assignment of Error No. I provides:

"The common pleas court erred in holding that the March, 1989 amendment to the Twinsburg Zoning Code was rendered invalid by the purported failure of the Zoning Commission to comply with the requirements of R.C. Section 121.22(F)."

These three assignments of error may be resolved jointly. They all address the common pleas court's determination that the zoning commission failed to establish, by rule, a reasonable method for allowing notification of all meetings. As a result, the court held the township's final resolution to be invalid.

The focus of the Sunshine Act is upon "open meetings." R.C. 121.22(A). To prevent such assemblies from becoming public in name only, organizations subject to the statute "shall, by rule, establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings." R.C. 121.22(F).

The sole provision of the Sunshine Act which authorizes courts to invalidate an action of a public body is R.C. 121.22(H), which states:

"A resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body. A resolution, rule, or formal action

adopted in an open meeting that results from deliberations in a meeting not open to the public is invalid unless the deliberations were for a purpose specifically authorized in division (G) of this section and conducted at an executive session held in compliance with this section."

Pursuant to its clear terms, this subsection only applies when an impermissible private session is held.[2] See *Greene Cty. Guidance Ctr., Inc. v. Greene–Clinton Community Mental Health Bd.* (1984), 19 Ohio App.3d 1, 4, 19 OBR 46, 48, 482 N.E.2d 982, 985. References to "notification methods" are conspicuously absent. The statute does not state that absent such a "rule" the action adopted is invalid.

■ This court has oft recognized that unambiguous statutory language must not be abridged or enlarged, regardless of policy implications. *Lyons v. Babcock & Wilcox* (Apr. 3, 1991), Summit App. No. 14863, unreported, at 9, 1991 WL 47596; *Lorain Cty. Bd. of Commrs. v. United States Fire Ins. Co.* (Jan. 22, 1992), Lorain App. No. 91CA005090, unreported, at 6, 1992 WL 10154. More fundamentally, any authority from whatever source which empowers the judiciary to nullify legislative or administrative actions must be carefully guarded. "One branch of the Government cannot encroach on the domain of another without danger. The safety of our institutions depends in no small degree on a strict observance of this salutary rule." *Sinking–Fund Cases* (1879), 99 U.S. 700, 718, 25 L.Ed. 496, 504. Consequently, a violation of the "open meeting" requirement imposed by R.C. 121.22(C) is a prerequisite to invalidation of a resolution, rule, or other formal action in accordance with R.C. 121.22(H).

In the case *sub judice,* the trial court found—and the record verifies—that each of the pertinent meetings was in fact open to the public. Therefore, any nullification of a township action was erroneous as a matter of law regardless of whether acceptable notification procedures existed.

These three assignments of error are sustained.

### Conclusion

The judgment of the court of common pleas is reversed. By authority of App.R. 12(B), the actions of the township and zoning commission are hereby reinstated.

*Judgment reversed.*

QUILLIN, P.J., and CACIOPPO, J., concur.

---

**2.** The trial court's reference to the Sunshine Act's liberal construction clause, R.C. 121.22(A), is unfounded. Resort to such declarations of legislative intent are necessary only when uncertainty is present.