[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment to appellee, the Jerusalem Township Board of Trustees ("Board"), and dismissed appellants' complaint pursuant to R.C. 121.22.
On appeal appellants, Marvin and Sally Hoops, Morton Hall, and Thomas and Bruce Martin, set forth the following assignment of error:
 "THE TRIAL COURT ERRED IN GRANTING THE DEFENDANTS/APPELLEES [SIC] MOTION FOR SUMMARY JUDGMENT"
The facts which are relevant to the issues raised on appeal are as follows. Appellants are residents of Jerusalem Township. On February 21, 1996, appellants filed the complaint herein against the Board, which was composed of Board members Clara Herr, Raymond Cedoz, and John Henning, in which they alleged that certain Board meetings had been held in violation of R.C.121.22, also known as Ohio's "Sunshine Law." Specifically, the complaint alleged that on April 21, 1994, May 1, 1994, May 18, 1994, May 20, 1994, November 22, 1995, and January 4, 1996, "special meetings" were held "in violation of Section 121.22(F)," because the Board had not established "a reasonable method whereby any person could determine the time, place and purpose" of the special meetings, and because "no notice of any kind was given" before those meetings were held. The complaint asked the trial court to enjoin the Board from conducting any more meetings in violation of R.C. 121.22, order the Board to pay a fine, court costs and attorney fees pursuant to R.C. 121.22(I)(2), and to invalidate "any action taken during any meeting in violation of Section 121.22(F)."[1] The Board filed an answer on March 21, 1996.
On January 17, 1997, motions for summary judgment and memoranda in support thereof were filed by both parties. The Board argued in support of its motion that it had a "reasonable method" of notifying the public of upcoming special meetings because it announced the date, location and purpose of upcoming special meetings at its regular meetings. The Board asserted that all but one of the six meetings had been announced at the preceding general meeting, and further argued that the meetings were not held in violation of R.C. 121.22(F) because "the meetings of April 21, 1994, May 1, 1994, May 18, 1994, May 20, 1994, and November 22, 1995, were all announced in The Toledo Blade, in some instances on multiple occasions."
Attached to the Board's motion were the affidavits of Board member Clara Herr and Township Trustees' clerk Joan Schabel, copies of the minutes of all six special meetings, and a copy of those portions of the "Ohio Township Handbook" pertaining to compliance with notice requirements for Board meetings as set forth in R.C. 121.22.
Herr and Schabel stated in their affidavits that each special meeting is announced at the preceding regular meeting. Schabel stated that the May 1, 1994 meeting was "erroneously styled a special meeting and was actually an emergency meeting for which general public notice is not required"; and the January 4, 1996 meeting was not advertised because it was a yearly "organizational meeting." The portion of the Ohio Township Handbook attached to the Board's motion states, in relevant part, that:
 "A special meeting is open to the public[.] Section 121.2, R.C., states that the board of trustees must establish a reasonable method whereby any person may determine the time, place, and purpose of all special meetings. Furthermore, the board must give at least twenty-four hours advance notice of all special meetings to all news media that have requested such notification. The only exception to this procedure is an emergency requiring immediate official action. If such an emergency arises, the news media that have requested notification must be notified immediately."
Appellants argued in support of their motion for summary judgment that the Board held four meetings in violation of R.C.121.22(F)[2]. Specifically, appellants first argued that the special meetings held on April 21, 1994 and May 20, 1994, violated R.C. 121.22(F) because, although notice of the meetings was published in The Toledo Blade ("Blade"), business was discussed and actions were taken at those meetings which was not stated in the published notices. Appellants next argued that the special meetings held on May 1, 1994 and January 4, 1996, violated R.C.121.22(F) because notice of those meetings was not published in advance in any newspaper.
Finally, appellants asserted that all of the special meetings held before March 1996,"ran afoul" of R.C. 121.22(F), because the Board had not "established, by rule, a reasonable method whereby any person may determine the time, place, and purpose of the meetings" as required by the statute.[3] In support of their arguments, appellants relied on the deposition testimony of all three Board members, appellants Morton Hall, Marvin Hoops, and Bruce and Thomas Martin, and the minutes of the four special meetings.
Trustee Herr stated in her deposition that the April 21, 1994 meeting was advertised in the Blade; however, the advertisement only provided general notice of an upcoming meeting, and did not give details of the purpose of that meeting. As to the May 1, 1994 meeting, Herr stated that it was really an "emergency meeting," for which advance notice is not required. As to the January 4, 1996 meeting, Herr stated that it was not advertised because it was an "organizational meeting" which is routinely held at the beginning of each year.
Trustee Henning stated in his deposition that the business discussed and acted upon at the April 21, 1994 meeting included the advertised purpose of refurbishing the township fire truck, and also included other business. Henning further stated that he attended the Ohio Township Association conference in Columbus on a yearly basis, and he knew that the statute required notice to be given before all special meetings; however, he has never seen any of the advertisements because that is the town clerk's job. Henning also stated that the May 1, 1994 meeting should have been classified as an emergency meeting, and that the Board adopted zoning fees and discussed payment of bills and other township business at the January 4, 1996 "organizational meeting."
Trustee Cedoz stated in his deposition that he knew for two years before March 13, 1996, that the statute required the Board to establish a rule providing for notice of its meetings. He further stated that the Board routinely gave notice of one purpose for each special meeting and then discussed additional business at the meeting.
Appellants Bruce and Thomas Martin, Hoops and Hall all stated in their depositions that they rarely, if ever, saw notices of special Board meetings in The Blade. Each man stated that he heard about upcoming special meetings by attending regular meetings, reading the minutes of such meetings, or by "word of mouth." Hoops further stated that the business conducted at special meetings frequently went beyond the stated purpose of the meeting.
On June 4, 1997, the trial court filed a judgment entry in which it found that:
 "prior to [March 13, 1996] the Board of Trustees did, in essence, comply with the statute as the Board regularly followed a practice of placing ads in the newspaper concerning upcoming special meetings and/or announcing such meetings during the regular or special meeting immediately prior thereto. Indeed, the April 21, 1994 and May 20, 1994 meetings were advertised in the newspaper, and these meetings and the May 1, 1994 and January 4, 1996 meetings were all announced at prior meetings. [Footnote omitted.] Minutes of all the meetings were maintained. It also appears to the Court that the Board of Trustees acted in good faith in accordance with guidelines regarding special meetings distributed by this state's Auditor."
Accordingly, the trial court granted the Board's motion for summary judgment and denied appellants' motion. On July 3, 1997, a timely notice of appeal was filed.
Appellants assert in their assignment of error that the trial court erred by granting the Board's summary judgment motion. In support thereof, appellants argue that the announcement of a special meeting at the preceding general meeting is not sufficient to comply with the notice provisions of R.C. 121.22 as a matter of law. Appellants further argue that the April 21, 1994 and May 20, 1994 meetings were held in violation of the statute because the business discussed and transacted by Board on those dates exceeded the advertised purpose of the meetings. Finally, appellants argue that the May 1, 1994 and January 4, 1996 meetings were held in violation of the statute because they were not advertised in the newspaper, and the May 1, 1994 meeting cannot be considered an emergency meeting, which is exempt from advance notification, by any "conceivable stretch of the imagination."
In reviewing a summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
R.C. 121.22 states, in relevant part:
 "(F) Every public body, by rule, shall establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings. A public body shall not hold a special meeting unless it gives at least twenty-four hours' advance notice to the news media that have requested notification, except in the event of an emergency requiring immediate official action. In the event of an emergency, the member or members calling the meeting shall notify the news media that have requested notification immediately of the time, place, and purpose of the meeting. * * *"
As a preliminary matter, this court finds that the actions of the Board taken at all of its general and special meetings held before March 13, 1996, are not invalid merely because the Board had not established, by rule, a reasonable method for informing the public of the time, place and purpose of such meetings. See Barber v. Twinsburg Twp. (1992), 73 Ohio App.3d 587,594-595 (R.C. 121.22(H) invalidates the actions of a public body if such action is taken at an impermissible private session where insufficient notice was given, and not merely because a "rule" has not been enacted to set forth proper notification procedures.).
It is undisputed in this case that the meetings held on April 21, 1994 and May 20, 1994, were special meetings, that both meetings were advertised in the Blade, and that such publication was a "reasonable method" of giving notice of the meetings. The parties disagree, however, as to whether, as a matter of law, a particular advertised meeting may nevertheless violate the statute because the scope of business transacted at that meeting exceeded its stated purpose.
Ohio's Attorney General has stated that "regular meetings," as the term is used in R.C. 121.22, are "those which are held at prescheduled intervals[,] * * * for example, monthly or annual meetings." 1988 Ohio Atty.Gen.Ops. No. 88-029. Accordingly, because such meetings are not held for any specific reason, in giving notice of a general meeting, a public body need only state the time and place of such meeting. R.C. 121.22(F).
In contrast, "special meetings" are "all meetings other than `regular' meetings." 1988 Ohio Atty.Gen.Ops. No. 88-029. The definition of the term "special meeting" necessarily "implies that such a meeting can only be held when there are specific reasons for holding it." Jones v. Brookfield Twp. Trustees (June 30, 1995), Trumbull App. No. 92-T-4692, unreported. Therefore, "it follows that the notice of a special meeting must refer to those specific reasons, and that those specific issues are the only ones which can be addressed at such a meeting." Id.[4]
The record in this case reveals that the published notice of the April 21, 1994 meeting stated that the purpose of that meeting was to receive bids for the refurbishing of a Ford/Sutphen Pumper-Tanker. The minutes of that meeting reflect that the refurbishing bids were discussed, along with "regular business of the Township," including basketball fees and garbage collection. Similarly, the published notice of the May 20, 1994 meeting stated that the purpose of the meeting was to receive sealed bids for the sale of a GMC Fire Tanker. The minutes of that meeting reflect that the sale of the tanker was discussed at the meeting, along with "regular business of the Township," including purchasing attachments for an 855 John Deere tractor, and acquisition of equipment for maintenance of the baseball diamonds.
Upon consideration, we find that the business transacted by the Board on April 21, 1994 and May 20, 1994, exceeded the scope of the published purpose of those two meetings, and thus were held in violation of R.C. 121.22(F) as a matter of law.
As to the May 1, 1994 meeting, it is undisputed that no advance notice was published in the newspaper. Appellants nonetheless argue that this meeting did not violate R.C. 121.22(F) because it was an "emergency" meeting for which no advance notice is required.
As previously stated, notification of a special meeting must be published at least twenty-four hours in advance, unless the meeting is held "in the event of an emergency requiring immediate official action." Notification of such an "emergency meeting" may be given at the time the meeting is called, even if that time period is less than twenty-four hours in advance of the meeting. 1988 Ohio Atty.Gen.Ops. No. 88-029; R.C. 121.22(F).
The only evidence which the Board submitted to show that the May 1, 1994 meeting was an emergency meeting was the trustees' deposition testimony and Schabel's affidavit, in which she stated that the meeting "was erroneously styled a special meeting and was actually an emergency meeting." Although appellants presented no testimony or affidavit to refute Schabel's statement, appellants attached the minutes of the May 1, 1994 meeting to their complaint. Our review of the minutes of the meeting reveals no indication that the business transacted on May 1, 1994 required "immediate official action." There remains, therefore, a genuine issue of fact as to whether or not the May 1, 1994 meeting was held in violation of R.C. 121.22(F).
As to whether the January 4, 1996 "organizational" meeting was held in violation of the statute, it has long been recognized that the intent of Ohio's Sunshine Law is to make public "deliberations concerning public issues." Moraine v. Bd.of Cty. Commrs. (1981), 67 Ohio St.2d 139, 145. Accordingly, pursuant to R.C. 121.22(F), a public body must provide, at minimum, a "reasonable method whereby any person may determine" the time, place and purpose of a special meeting. R.C. 121.22(F). [Emphasis added.]
It is undisputed that the Board announced at its December 29, 1995 regular meeting that an "organizational meeting" would be held on January 4, 1996. It is further undisputed that the organizational meeting was not advertised in the Blade. All three trustees testified in their depositions that, in their opinions, the January 4, 1996 meeting did not violate the statute because such a meeting is regularly held at the beginning of each year, for the purpose of organizing township business for the coming year.
A review of the minutes of the January 4, 1996 meeting reveals that the Board took action on many issues at that meeting, including the following: set a time for regular meetings; set forth a schedule for the payment of wages; discussed the supervision of the cemetery, the town hall, and township roads; set the compensation of volunteer firemen; approved the schooling for firemen; set the amount for town hall rentals for 1996; appropriated funds for trustees' salaries; set a schedule for zoning fees; appropriated funds for various purposes; issued a citation to the Lucas County Sanitary Engineer concerning township fire hydrants; and accepted the application of Joseph Gray as a probationary firefighter.
Upon consideration, we find that, as a matter of law, the announcement at the Board's December 29, 1995 general meeting of an upcoming "organizational meeting," on January 4, 1996, without more, is insufficient as a matter of law to give reasonable notice from which any person, not just those persons attending the general meeting, could determine its time, place and purpose.
This court has reviewed the entire record of proceedings which was before the trial court and, upon consideration thereof and the law, finds that, as a matter of law, the Board meetings held on April 21, 1994, May 20, 1994, and January 4, 1996 were held in violation of R.C. 121.22(F). In addition, there remains a genuine issue of material fact as to whether the meeting held on May 1, 1994 was, in fact, an "emergency meeting." Accordingly, construing the evidence that was before the trial court most strongly in favor of the non-moving party, reasonable minds can only conclude that the Board was not entitled to summary judgment as a matter of law, and appellants' assignment of error is well-taken.
On consideration whereof, this court further finds that substantial justice has not been done the parties complaining and the judgment of the Lucas County Court of Common Pleas is reversed and this case is remanded for proceedings consistent with this opinion. Court costs of these proceedings are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.
[1] R.C. 121.22 states, in relevant part:
 "(H) A resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body. A resolution, rule, or formal action adopted in an open meeting that results from deliberations in a meeting not open to the public is invalid * * *. A resolution, rule, or formal action adopted in an open meeting is invalid if the public body that adopted the resolution, rule, or formal action violated division (F) of this section. * * *
 "(I)(1) Any person may bring an action to enforce the provisions of this section. An action under this division shall be brought within two years after the date of the alleged violation or threatened violation. Upon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions.
 "(2)(a) If the court of common pleas issues an injunction pursuant to division (I)(1) of this section, the court shall order the public body that it enjoins to pay a civil forfeiture of five hundred dollars to the party that sought the injunction and shall award to that party all court costs and, subject to reduction as described in this division, reasonable attorney's fees. * * *"
[2] As stated above, the complaint originally alleged that the Board violated R.C. 121.22(F) on six occasions. After appellants' motion for summary judgment was filed, the trial court and the parties proceeded on the premise that appellants were only contesting four of the meeting dates.
[3] The Board adopted such a rule in March 1996, after the complaint herein was filed.
[4] We note, however, that nothing in R.C. 121.22 prohibits a public body from discussing more than one topic at such a meeting, provided that proper notice of the purpose of such a meeting has been given. See Jones, supra; State ex rel. Stillerv. Columbiana Exempted Village School Dist. Bd. of Edn. (1995),74 Ohio St.3d 113.