OPINION
Plaintiff-appellant James Austin, Representative of the Estate of Steven Austin, appeals the July 1, 1999, Judgment Entry of the Tuscarawas County Court of Common Pleas overruling appellant's motion to substitute McMillen Entertainment, Inc. for Bentley's Entertainment Center as the party defendant. The defendant-appellee is Bentley's Entertainment Center.
 STATEMENT OF THE FACTS AND CASE
On October 28, 1996, Steven A. Austin filed a complaint in the Tuscarawas County Court of Common Pleas against the appellee, Bentley's Entertainment Center and John Doe, owner and operator of Bentley's Entertainment Center, for injuries he sustained at the establishment.[1] At all relevant times, Bentley's Entertainment Center has been located at 120 North Tuscarawas Avenue, Dover, Ohio, and has been operated by McMillen Entertainment, Inc. The sole shareholder and president of McMillen Entertainment, Inc. has been Gerald McMillen.
On November 1, 1996, a copy of the Complaint was served upon one "Jerry McMillen" at the Bentley's Entertainment address. On November 8, 1996, Valerie Ripley signed an additional signature card verifying service of the Complaint at the same address. On July 8, 1997, Steven A. Austin died of cancer. Thereafter, his father, James Austin, was appointed as representative for the estate. Plaintiff filed a suggestion of death on July 18, 1997, and a notice of substitution of parties on September 27, 1997.
On December 22, 1996, due to a lack of any responsive pleading from appellee, appellant filed a Motion for Default Judgment. A hearing was held on the Motion on July 6, 1997. No representative of Bentley's Entertainment Center or McMillen Entertainment, Inc. appeared for that hearing. Thereafter, on January 8, 1997, the trial court granted a Default Judgment against Bentley's Entertainment Center.
A hearing on damages was scheduled for October 15, 1997. Notice of the hearing was mailed to the parties. Once again, no one representing Bentley's Entertainment Center or McMillen Entertainment, Inc. appeared at said hearing. On October 16, 1997, the trial court entered a Judgment Entry awarding damages to the appellant in the amount of $35,711.86.
On April 20, 1998, appellant filed a Motion for Judgment Debtor's Examination requesting that an agent of the defendant, Bentley's Entertainment Center, be ordered to appear and be examined concerning the Judgment in question. The motion was served on an unidentified person at 120 North Tuscarawas Avenue, Dover, along with an order to appear. The hearing was conducted on May 4, 1998. However, no one appeared for the defendant.
On May 26, 1998, appellant filed a Motion to Show Cause why "the president or the owner of the Defendant" should not be found in contempt for failing to appear at the May 4, 1998, debtor's examination hearing. The Motion to Show Cause was served upon Bentley's Entertainment Center. The hearing on appellant's Motion to Show Cause was conducted in the trial court on June 8, 1998. No representative of Bentley or McMillen Entertainment, Inc. appeared for the hearing. On June 12, 1998, a Judgment Entry was issued by the trial court requesting that appellant provide the court with evidence of the identity of a responsible representative of Bentley's Entertainment Center for the purposes of the contempt motion.
On November 19, 1998, appellant filed a motion requesting Gerald McMillen to appear on behalf of Bentley's Entertainment Center at a Judgment Debtor's Examination. In support of the motion, appellant provided documentation which verified that Gerald McMillen was affiliated with Bentley's Entertainment Center. On November 25, 1998, Gerald McMillen filed a memorandum contra, alleging that Bentley's Entertainment Center was not a legal entity. The motion cited the fact that Bentley's Entertainment Center is owned and operated by McMillen Entertainment, Inc. McMillen's objections to the Judgment Debtor's Examination were overruled by the trial court and the Judgment Debtor's Examination occurred on January 11, 1999.
On June 18, 1999, appellant filed a motion to substitute McMillen Entertainment, Inc. for Bentley's Entertainment Center as the defendant in the suit. In a Judgment Entry filed July 1, 1999, the trial court overruled appellant's motion for substitution.
It is from the July 1, 1999, Judgment Entry that appellant prosecutes this appeal, raising the following assignment of error:
 WHETHER THE TRIAL COURT ERRED IN OVERRULING THE PLAINTIFF/APPELLANT'S MOTION TO SUBSTITUTE McMILLEN ENTERTAINMENT, INC. FOR BENTLEY'S ENTERTAINMENT CENTER AS THE PARTY DEFENDANT.
It is appellant's proposition that the trial court erred when it failed to permit the substitution of the party defendant once appellant learned the correct name of the party defendant. We disagree.
It is well settled that a motion to amend a pleading is a matter within the sound discretion of the trial court. Stratmanv. Atkinson (1974), 40 Ohio App.2d 337. It will not be reversed on appeal absent an abuse of that discretion. Easterling v. Am.Olean Tile Co., Inv. (1991), 75 Ohio App.3d 846, 850; St. Mary'sv. Dayton Power Light Co. (1992), 79 Ohio App.3d 526, 535. Abuse of discretion means more than an error of law or judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court.
Civil R. 15 states, in pertinent part:
(A) Amendments
 A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires.
. . .
(C) Relation back of amendments
 Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
Appellant contends that, under certain circumstances, a party may be substituted after a judgment has been entered in the case.[2] However, while we agree that there have been circumstances under which courts have allowed postjudgment substitution of a party defendant, we do not agree that postjudgment substitution is appropriate in this situation.Appellant cites this court to Christian Medicine v.Christine Sobotka (Jan. 10, 1996), Lorain App. 95CA006101, unreported, 1996 WL 12004. In Christian Medicine, the party sought to be substituted postjudgment had participated in and defended the action, without raising the mistake, thereby satisfying Civ.R. 15. Christian Medicine is distinguishable in that in the case sub judice, McMillen Enterprises, Inc. did not participate in the action nor defend the suit. In accord,Boehmke, supra.
The analysis in Christian Medicine is echoed by the Ohio Supreme Court's decision in Boehmke v. Northern Ohio Traction Co.
(1913), 88 Ohio St. 156, 102 N.E. 700. If a defendant participates in and defends an action, that defendant may be substituted as the party defendant. In Boehmke, the Court held that:
 Where one knows himself to be the wrongdoer sought to be made liable in an action of damages for the wrong, and voluntarily appears by his attorney and answers in the name of and ostensibly as another person who was by the plaintiff named as defendant, and served with process in the mistaken belief that the latter person did the wrong, the former person thereby submits himself to the jurisdiction of the court and may be substituted as the real defendant in place of the nominal defendant sued by mistake; and the substituted defendant will be bound by the verdict and judgment rendered against him in the case. (Emphasis added.)
Id. at syllabus.
However, in the case sub judice, the proper defendant did not voluntarily appear and answer in the name of the other entity. The Ohio Supreme Court in Boehmke conceded that the defendant, who had not contributed to plaintiff's mistake, "was free to let the plaintiff deceive himself to the end of time" and "it was not defendant's duty to `undeceive' him." However, the Ohio Supreme Court upheld the amendment to the pleadings in Boehmke because the mistake made by the plaintiff in that case became a "mereirregularity . . . when the real party came to the defense wearing the mask of the formal party." Boehmke,88 Ohio St. at 163, 164. In the case sub judice, the real party defendant did not come to the defense wearing the mask of the named (or formal) defendant.
We find that the trial court did not abuse its discretion in denying the motion to substitute the party defendant. McMillen Entertainment, Inc. did not contribute to the mistake as to the party defendant and did not participate in nor defend the suit. To substitute McMillen Entertainment, Inc. over two years and five months after the Default Judgment was entered against the named party would prejudice the party's ability to defend the suit on the merits. As such, we find no abuse of discretion in denying the post judgment motion to substitute the party defendant.[3]
Appellant's sole assignment of error is overruled. The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
[1] The original complaint alleged that an intoxicated patron slashed Steven A. Austin's throat unexpectedly and for no good reason. The complaint alleged that appellee failed to provide a safe environment for its patrons and that the appellee served beer and/or intoxicating liquor to a person who was noticeably intoxicated, in violation of R.C. 4301.22(B).
[2] Civ.R. 15 does not specify a time within which a motion to amend must be filed.
[3] Gerald McMillen testified, at the January 11, 1999, Judgment Debtor's Hearing, that McMillen Entertainment, Inc. was a duly licensed business for eight years and doing business as (dba) Bentley's Entertainment Center. McMillen further testified that employees working at Bentley's Entertainment Center were paid with checks indicating the corporate name of McMillen Entertainment, Inc., dba Bentley's Entertainment Center and that McMillen Entertainment, Inc. was current on all taxes. Appellant submitted documentation to the trial court that demonstrated that the relevant liquor license was issued to "McMILLEN ENTERTAINMENT, INC DBA BENTLEY'S RESTAURANT PUB" and that Bentley's Restaurant 
Pub, located at the same address as Bentley's Entertainment Center, had been sued in 1993 and that the Complaint indicated that the rightful party was McMillen Entertainment, Inc., dba Bentley's Restaurant Pub.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs to appellant.