DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Thomas Hach[1] has appealed his convictions of eleven counts of rape and ten counts of gross sexual imposition from the Summit County Court of Common Pleas. This Court affirms.
Hach was indicted on a total of thirty-three counts: twenty-three counts of raping his step-daughter and eleven counts of committing gross sexual imposition against his step-daughter. Hach plead not guilty to each count levied against him. The case was tried to a jury. Hach was found guilty of eleven counts of rape and ten counts of gross sexual imposition, and sentenced accordingly.
Hach timely appealed, asserting three assignments of error.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO PERMIT CROSS-EXAMINATION OF THE ALLEGED VICTIM, [sic] WITH A PRIOR INCONSISTENT STATEMENT.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE APPELLANT THE OPPORTUNITY TO INTRODUCE EVIDENCE OF A PRIOR INCONSISTENT STATEMENT GIVEN BY THE ALLEGED VICTIM, TERRI GRANT.
 Hach's first and second assignments of error will be treated together as they raise similar issues of law and fact. Hach avers that the trial court improperly excluded testimony from the victim's mother because the testimony was not inadmissible hearsay, but extrinsic evidence of a prior inconsistent statement admissible for impeachment pursuant to Evid.R. 613(B). This Court disagrees.
"[T]he trial court enjoys broad discretion in the admission andexclusion of evidence and will not be reversed absent a clear abuse ofdiscretion which materially prejudiced the objecting party." State v.Ward (July 31, 1996), Lorain App. No. 95CA006214, unreported, citingState v. Hymore (1967), 9 Ohio St.2d 122, 128 and Barbeck v. TwinsburgTwp. Bd. of Trustees (1992), 73 Ohio App.3d 587, 592. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621.
In examining the proper use of prior inconsistent statements under Evid.R. 613(B), this Court has previously explained that:
 It must be remembered that an inconsistent statement is not offered for the truth of the matter asserted. See Evid.R. 801(C). Rather, the statement is used for the purpose of attacking the credibility of the witness. See Evid.R. 613(B). Such statements are "impeaching" on the theory that the making of two different statements with regard to the same event calls into question the truthfulness of the witness, regardless of the truth or falsity of either of the statements. Accordingly, the jury would not have been entitled to consider the extrinsic evidence for the proposition that Defendant did not put his penis in her, although the truth of that matter is confusingly critical on the charge of rape. It has been documented that a court making the inconsistency determination should be ever vigilant of a party attempting to insert "thinly veiled" credibility evidence "through the subterfuge of impeachment." See, e.g., State v. McMillan (1990), 69 Ohio App.3d 36, 46, 590 N.E.2d 23.
 State v. Ward (July 31, 1996), Lorain App. No. 95CA006214, unreported.
 On direct examination the victim, Terry Grant, testified that she ran away from home because Hach, her step-father, had molested her. On cross-examination Hach attempted to get Grant to admit that she had run away for a different reason:
 Attorney: And do you tell [your mother] that, in fact, if you will let her go — if she will let you go and just leave, that you won't tell anybody?
Grant: No.
 Attorney: You don't ask her to just let you go, let you run away and let you go on with your life without interference?
Gant: No.
Attorney: You don't say that to her at all?
Grant: No.
 No further attempt was made to discredit Grant's reason for leaving home. In his defense, Hach called Grant's mother, and his wife, to the stand. The following exchange took place:
 Attorney: And during that phone call did you once again talk about [Grant's] allegations that [Hach] had raped her?
Grant's Mother: Yes, we did.
 Attorney: Okay. Did she ask you if you would do certain things in exchange for her not telling?
Grant's Mother: Yes, she did.
Prosecutor: Objection.
The Court: I'll allow it.
Grant's Mother: Yes, she did.
Attorney: What did she tell you?
Prosecutor: Objection.
The Court: Sustained.
 Hach proffered testimony that Grant's mother would testify that Grant had told her mother that "if [her mother] would permit [Grant], as her daughter, to go away without authorities that she wouldn't tell people about her allegation about [Hach.]"
Hach argues that, pursuant to Evid.R. 613(B), he should have been permitted to question Grant's mother concerning the conversation she had had with Grant in which Grant allegedly told her mother that Grant would not tell anyone that Hach had molested her if her mother would agree not to get authorities involved with Grant's run away. Hach contends that it was essential that he be permitted to impeach Grant with her prior inconsistent statement through extrinsic evidence because the state's case rested on Grant's testimony — there was no physical evidence. However, Hach's reasoning proves that he did not intend to admit the statement merely to place Grant's truthfulness in question, but rather to prove the truth of that statement — that Grant had run away to be with her boyfriend, not because Hach had molested her. For example, Hach writes that he should have been permitted to admit the prior inconsistent statement because "[w]hether [Grant] was actually abused, or whether she was merely seeking leverage on her mother to allow her to remain at liberty with her boyfriend [was] very relevant to the substantive issues[.]" He also writes that "of utmost importance to [Hach]'s defense, was the necessity of offering an alternative reason for Terri Grant's `running away' from home."
 The trial court properly excluded Grant's prior inconsistent statement because Hach offered the statement for the truth of the matter asserted, not for the purpose of attacking Grant's credibility. See Ward, supra. Accordingly, Hach's first and second assignments of error are overruled.
THIRD ASSIGNMENT OF ERROR
 THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO CONFRONT THE WITNESSES AGAINST HIM.
 In his third assignment of error, Hach claims that he "was denied the opportunity to challenge the chief and only complaining witness[,]" and he was thereby "denied the opportunity to provide the jury with an ulterior and improper motive on behalf of Terri Grant for the allegations she made." Hach does not explain how or when he was denied the opportunity to cross-examine Grant. He merely states that "the trial court denied [him] the opportunity to effectively cross-examine the alleged victim Terri Grant and diminish her credibility by establishing an ulterior motive for her `running away' from home."
A review of Hach's cross-examination of Grant reveals that Hach was never precluded from questioning Grant about any ulterior motives she may have had for testifying against Hach. The third assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 ___________________________ DONNA J. CARR
BATCHELDER, P.J., SLABY, J., CONCUR.
[1] Thomas Hach is also known as Thomas Hurt.